JOHNSON v. DITLINGER.

Opinion delivered November 17, 1919.

1. PLEADINGS AND PRACTICE—MISJOINDER—MUST BE PLEADED, WHERE.
—An objection to the misjoinder of causes of action must be
made in the court where the action was instituted.

2. PARTIES—DEFECT—MISJOINDER—JURISDICTION OF JUSTICE.—A de-
fect as to parties plaintiff or as to the allegations of the com-
plaint showing a misjoinder of a cause of action does not affect
the jurisdiction of the justice over the subject-matter.

3. MONEY HAD AND RECEIVED—ACTION FOR LIES, WHEN.—An action
for money had and received lies when the defendant, not being
the mere servant or agent of the plaintiff, has received actual
money belonging to the plaintiff.

.4. SAME—STATEMENT OF A CAUSE OF ACTION.—A complaint states
a cause of action for money had and received, which states that
the defendant collected a certain sum, witness fees and mileage
in a certain case, without the authority of the plaintiffs, and un-
lawfully and wrongfully withholds same from the plaintiffs, al-
though demand has been made therefor.

Appeal from Sebastian Circuit Court, Greenwood
District; *Paul Little*, Judge; affirmed.

*Allyn Smith*, for appellant.

1. The judgment was void for want of jurisdiction
and the execution should be quashed and the judgment
vacated. The complaint does not state a cause of action
over which the justice of the peace had jurisdiction.
Const., art. 7, sec. 40. The Constitution confers no juris-
diction on justices of the peace in matters *ex delicto* but
only *ex contractu*. Jo Johnson was liable, if at all, for
a *tort*. The fees here belonged to the plaintiff in the case
and not to the witnesses. 37 Kan. 235. Johnson was not
liable to the Ditlingers and Johnson was not liable. 76
Ark. 599; 90 S. W. 17; 87 Ark. 313.

2. The judgment of the justice of the peace was ab-
solutely void, as no cause of action was stated. 87 Ark.
313; 112 S. W. 881-2. The justice having no jurisdiction,
the circuit court had none on appeal. *Ib.*

3. There was a misjoinder of plaintiffs. K. & C.
Digest, §§ 3437, 7443. If the fees were Mrs. Ditlinger's,

they were hers; if they were Pete Ditlinger's they were his and a separate action must be brought. There was no joint action. Kirby & Castle's Digest, § § 3447, 7443-5. The rights of the parties, Pete Ditlinger and wife, were separate and they could not be united in one suit, and there was a misjoinder, and the court had no jurisdiction and the suit should be dismissed.

4. The complaint does not state facts to constitute a cause of action and is a nullity.

*Geo. W. Johnson,* for appellees.

1. The bill of exceptions does not contain all the evidence. 94 Ark. 115, 124. The judgment is presumed to be correct. 124 Ark. 388. The court had jurisdiction of the parties and the subject-matter. The misjoinder of parties can not be raised here for the first time. 51 Ark. 441; 70 *Id.* 197; 50 *Id.* 97. It is not the duty of this court to search for errors; appellant must show that the judgment is wrong. 120 Ark. 499.

2. Appellant has not abstracted his petition to quash, the response thereto, the execution, the judgment nor the testimony, and all defenses are waived. 101 Ark. 404 and cases *supra.*

WOOD, J. This action was instituted by the appellees against the appellants in a justice court. The appellees alleged in their complaint, as follows:

"That on or about the ............... day of ...................., 1915, the defendant, Jo Johnson, collected the sum of $70, witness fees and mileage in the case of *Sadie Miller* v. *St. L., I. M. & S. Ry. Co.,* without the authority of these plaintiffs and unlawfully and wrongfully withholds same from the plaintiffs, although demand has been made for the same.

"Wherefore, plaintiffs pray judgment against defendant for the sum of $70 and all of their costs herein laid out and expended."

Judgment was rendered against the appellant in the sum of of $70. Appellant took an appeal to the circuit court where judgment was again rendered against him

by default. An execution was issued on the judgment of the circuit court.

Appellant filed a petition in the circuit court in which he set up the proceedings had before the justice and circuit courts resulting in the judgment rendered against him which he alleged was void for want of jurisdiction in the justice of the peace over subject-matter of the action. He prayed to have the execution quashed and the judgment vacated.

The allegations of the petition were denied by the appellee.

The court after hearing the testimony on the issue raised by the petition and answer thereto entered a judgment dismissing the petition, from which is this appeal.

The only question is whether or not the justice of the peace had jurisdiction of the subject-matter of the action.

(1) The complaint filed before the justice plainly shows a misjoinder of the parties plaintiff and of causes of action because the witness fees alleged to have been collected by Johnson were not the joint property of the plaintiffs, but each was entitled only to his or her own fees and neither was entitled to the aggregate amount. Therefore, the cause of action, if any, was separate and not joint. But objections as to misjoinder of causes of action could and should have been raised in the court where the action was instituted.

(2) A defect as to parties plaintiff or as to the allegations of the complaint showing a misjoinder of a cause of action did not affect the jurisdiction of the justice over the subject-matter.

(3-4) The appellant contends that the complaint stated a cause of action *ex delicto* and that therefore the justice had no jurisdiction.

In *Fordyce* v. *Nix*, 58 Ark. 138, we said: "Under the reform procedure, courts regard the substance rather than the form." "The character of the action must be determined by the nature of the grievance rather than by the form of the declaration."

Now the allegations of the complaint although inartistically drawn and technically defective, nevertheless, stated a cause of action for money had and received. Whatever defects there were might have been cured by motion to make the same more specific, or by amendment if the complaint had been demurred to.

An action for money had and received lies where the defendant, not being the mere servant or agent of the plaintiff, has received actual money belonging to the plaintiff. "There need be no privity of contract except that which results of one man having another's money which he has not a right conscientiously to retain." 2nd Chitty on Pleading, 29-31.

"Where one has obtained money by deceit or fraudulent practices the loser may bring his action for the tort analogous to the action on the case or may sue upon an implied contract for money had and received." Bliss on Code Pleading, section 15, and notes.

"Where one has in his possession money which belongs to another the law implies a contract that he will pay it over to the rightful owner on demand." *Ark. Nat. Bank* v. *Martin,* 110 Ark. 578, syllabus one.

According to the above authorities the complaint although defective states a cause of action for money had and received. The justice, therefore, had jurisdiction and the judgment of the circuit court dismissing appellant's petition is correct.

Judgment affirmed.